**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DAVID SPAHR,<br><br>        Plaintiff,<br><br>v.<br><br>SALEM BOTANICALS CORPORATION,<br><br>        Defendant. | Civil No. 1:19-CV-00096<br>Hon. Noel L. Hillman, U.S.D.J. |

## ANSWER

Salem Botanicals Corporation ("Salem" or "Defendant"), by and through its attorneys, Hodgson Russ LLP, hereby answers the Complaint filed by Plaintiff, David Spahr ("Plaintiff" or "Spahr"), as follows:

## GENERAL DENIAL

Except as otherwise expressly recognized herein Salem denies each and every allegation contained in the Complaint and denies any liability to Plaintiff. Pursuant to Rule 8(d) of the Federal Rules of Civil Procedure, averments in the Complaint to which no responsive pleading is required shall be deemed as denied. Salem expressly reserves the right to seek to amend and/or supplement its Answer as may be necessary.

## NATURE OF THE ACTION

1.      In response to Paragraph 1, Defendant admits that the Complaint purports to bring this action under the asserted statutes and laws. Except as expressly admitted, to the extent a

further response is required, Salem denies the allegations contained in Paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2. Salem admits that this Court has subject matter jurisdiction but otherwise denies the remaining allegations contained in Paragraph 2 of the Complaint.

3. Salem admits that this Court has personal jurisdiction over Salem but otherwise denies the remaining allegations contained in Paragraph 3 of the Complaint.

4. Salem admits that this is one district in which venue is proper and denies the remaining allegations contained in Paragraph 4 of the Complaint.

## THE PARTIES

5. In response to the allegations in Paragraph 5 of the Complaint, Salem lacks any information sufficient to form a belief as to the truth of the allegations therein, and on that basis, denies same.

6. In response to the allegations in Paragraph 6 of the Complaint, Salem admits the allegation therein.

## STATEMENT OF FACTS

7. In response to the allegations in Paragraph 7 of the Complaint, Salem lacks any information sufficient to form a belief as to the truth of the allegations therein, and on that basis, denies same.

8. In response to the allegations in Paragraph 8 of the Complaint, Salem lacks any information sufficient to form a belief as to the truth of the allegations therein, and on that basis, denies same.

9. In response to the allegations in Paragraph 9 of the Complaint, Salem lacks any information sufficient to form a belief as to the truth of the allegations therein, and on that basis, denies same.

10. In response to the allegations in Paragraph 10 of the Complaint, Salem denies the allegations therein.

11. In response to the allegations in Paragraph 11 of the Complaint, Salem denies the allegations therein.

12. In response to the allegations in Paragraph 12 of the Complaint, Salem denies the allegations therein.

13. In response to the allegations in Paragraph 13 of the Complaint, Salem lacks any information sufficient to form a belief as to the truth of the allegations therein, and on that basis, denies same.

**FIRST CAUSE OF ACTION**
**(Copyright Infringement – 17 U.S.C. §106, 501)**

14. Salem repeats and realleges its responses to the allegations set forth in Paragraphs 1 through 13 of the Complaint as if fully set forth herein.

15. In response to the allegations in Paragraph 15 of the Complaint, Salem lacks any information sufficient to form a belief as to the truth of the allegations therein, and on that basis, denies same.

16. In response to the allegations in Paragraph 16 of the Complaint, Salem denies the allegations therein.

17. In response to the allegations in Paragraph 17 of the Complaint, Salem denies the allegations therein.

18. In response to the allegations in Paragraph 18 of the Complaint, Salem denies the allegations therein.

19. In response to the allegations in Paragraph 19 of the Complaint, Salem denies the allegations therein.

20. In response to the allegations in Paragraph 20 of the Complaint, Salem denies the allegations therein.

## AFFIRMATIVE DEFENSES

Salem asserts the following defenses without prejudice to the denials in this Answer and without admitting any allegations of the Complaint not otherwise admitted. Salem reserves the right to assert additional defenses as warranted by facts learned through investigation and discovery. By asserting the following affirmative defenses, Salem does not contend that it necessarily bears the burden of proof or persuasion for the issues raised therein.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are moot and present no properly justiciable claim.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's alleged copyrighted photographs (the "Works") that are the subject of Plaintiff's copyright infringement claim are entirely unoriginal and, therefore, the U.S. Copyright Registrations issued for these works are invalid and unenforceable.

## FOURTH AFFIRMATIVE DEFENSE

The alleged Works upon which Plaintiff's copyright infringement claim is based are not eligible for copyright protection under the merger doctrine because there are so few ways to express the ideas embodied in the alleged Works that the ideas and inseparably connected, and thus merge, with Plaintiff's alleged expression.

## FIFTH AFFIRMATIVE DEFENSE

The alleged Works upon which Plaintiff's copyright infringement claim is based are not eligible for copyright protection under the scenes a faire doctrine because Plaintiffs alleged expressions are so commonly associated with or naturally flow from the theme or subject of the alleged Works that they lack originality and are not eligible for copyright protection.

## SIXTH AFFIRMATIVE DEFENSE

The accused works are not substantially similar to the alleged Works that are the subject of Plaintiff's copyright registrations and thus there is no claim for copyright infringement.

## SEVENTH AFFIRMATIVE DEFENSE

The allegations in the Complaint date back some time and Plaintiff did not undertake reasonable measures to mitigate its damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has unclean hands because, with knowledge of the alleged infringement, he failed to timely seek to enforce any rights it may have concerning the alleged copyrights.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, acquiescence, laches, and/or estoppel.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in that Plaintiff failed to take reasonable steps to protect his purported intellectual property rights.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks to recover Defendant's profits from downstream sales of allegedly infringing copies, Plaintiff's claims are barred by the first sale doctrine.

### TWELFTH AFFIRMATIVE DEFENSE

The allegedly infringing works are not being distributed by Defendant and do not appear on any websites owned or controlled by Defendant and therefore Plaintiff is not entitled to injunctive relief.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to commence this action because any alleged rights in the Works have been exclusively transferred to one or more parties that are not a party to the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of limitations under 17 U.S.C. § 507.

### **PRAYER FOR RELIEF**

Salem denies that Plaintiff is entitled to any of the relief requested in its Prayer for Relief.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by way of its Complaint.
2. That the Complaint and each and every purported claim for relief therein be dismissed with prejudice.
3. That Defendant be awarded its costs of suit incurred herein, including attorneys' fees and expenses.
4. For such other and further relief as the Court may deem proper.

## **CERTIFICATION PURSUANT TO L.CIV.R 11.2**

Salem, by its undersigned attorneys, hereby certifies in accordance with the requirements of L.Civ.R. 11.2 that the matters in controversy in the within litigation are not to the best of its knowledge and belief the subject of any other pending action or arbitration proceeding, nor are any such actions or arbitration proceedings contemplated.

Dated: March 8, 2019                                         HODGSON RUSS LLP


                                                                                By:  _/s/ Neil B. Friedman_____
                                                                                Neil B. Friedman
                                                                                605 3rd Avenue, Suite 2300
                                                                                New York, NY  10158
                                                                                (212) 751-4300


                                                                                *Attorneys for Defendant*
                                                                                *Salem Botanicals Corporation*